**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| JOSEPH PARRIS | : | |
| 102 Urban Avenue | : | |
| Norwood, PA 19074 | : | CIVIL ACTION |
| | : | |
| Plaintiff, | : | No. _____ |
| | : | |
| v. | : | |
| | : | |
| SAMUEL KILLEEN, *individually* | : | **JURY TRIAL DEMANDED** |
| 1217 Elmwood Avenue | : | |
| Sharon Hill, PA 19079 | : | |
| and | : | |
| MICHAEL HELLER, *individually* | : | |
| 1217 Elmwood Avenue | : | |
| Sharon Hill, PA 19079 | : | |
| and | : | |
| H. AND H. DISPOSAL SERVICE, INC., | : | |
| d/b/a HH DELCO DISPOSAL | : | |
| 1217 Elmwood Avenue | : | |
| Sharon Hill, PA 19079 | : | |
| | : | |
| Defendants. | : | |
| | : | |

## CIVIL ACTION COMPLAINT

Plaintiff, by and through his undersigned counsel, hereby avers as follows:

## I. INTRODUCTION

1. This action has been initiated by Joseph Parris (hereinafter referred to as "Plaintiff," unless indicated otherwise) for violations of the Fair Labor Standards Act ("FLSA" - 29 U.S.C. 201, *et. seq*.) and applicable state law(s). Plaintiff asserts herein that he was not paid overtime compensation in accordance with the FLSA (also in violation of state law) and that he was retaliated against unlawfully for protected activities under the FLSA. As a direct consequence of Defendants' actions, Plaintiff seeks damages as set forth herein.

## II. JURISDICTION AND VENUE

2.      This Court, in accordance with 28 U.S.C. 1331, has jurisdiction over Plaintiff's claims because they arise under a federal law - the FLSA. There is supplemental jurisdiction over Plaintiff's state-law claims herein because they arise out of the same common nucleus of operative facts as Plaintiff's federal claim(s) set forth in this lawsuit.

3.      This Court may properly maintain personal jurisdiction over Defendants because Defendants' contacts with this state and this judicial district are sufficient for the exercise of jurisdiction over Defendants to comply with traditional notions of fair play and substantial justice, satisfying the standard set forth by the United States Supreme Court in International Shoe Co. v. Washington, 326 U.S. 310 (1945) and its progeny.

4.      Pursuant to 28 U.S.C. § 1391(b)(1) and (b)(2), venue is properly laid in this district because all of the acts and/or omissions giving rise to the claims set forth herein occurred in this judicial district.

## III. PARTIES

5.      The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

6.      Plaintiff is an adult individual, with an address as set forth in the caption.

7.      H. & H. Disposal Service, Inc., d/b/a HH Delco Disposal ("Defendant H&H" where referred to individually) is a municipal waste provider in Delaware County, Pennsylvania.

8.      Samuel Killeen ("Defendant Killeen" where referred to individually) is upon information and belief the owner and President of Defendant H&H.

2

9.      Michael Heller ("Defendant Heller" where referred to individually) is upon information and belief a Vice President and/or high-level executive manager within Defendant H&H.

10.     At all times relevant herein, Defendants acted by and through their agents, servants and employees, each of whom acted at all times relevant herein in the course and scope of their employment with and for Defendants.

## IV.  FACTUAL BACKGROUND

11.     The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

12.     Plaintiff was hired by Defendant H&H in or about November of 2022; and in total, Plaintiff has been employed for more than three (3) years. Plaintiff *remains currently employed* by Defendant H&H (subject to the explanation below, as his hours and scheduling had been significantly reduced for complaints of overtime violations).

13.     Plaintiff has continually worked for Defendant as what is commonly known as a "thrower" in the waste management industry. This is a physically demanding role wherein Plaintiff would typically remain on a small ledge on the back of a trash-collection vehicle lifting, carrying, and throwing trash bags or bins into a garbage truck. In such a role, Plaintiff worked in tandem with a truck driver along assigned routes.

14.     Plaintiff does not possess a commercial driver's license ("CDL"), nor has he ever driven trash collection vehicles for Defendant H&H.

15.     Plaintiff and other similarly-situated employees of Defendant H&H are generally paid a flat fee per day. Plaintiff's flat rate per day has been (and remains) $100 per day

(irrespective of actual hours worked in a day or week). Plaintiff has ***never*** been paid at a rate of time and one half when he has worked in excess of forty (40) hours per week.

16.    Plaintiff has generally worked 50-60 hours per week on average for Defendant H&H, often handling or assisting with 2nd routes on the same day (not just a single route). It ws not uncommon for Plaintiff to work 10 - 13 hour workdays (from arrival to work before finally ending his workday), and he didn't ever generally take (or get) lunch breaks.

17.    On rare occasions, Plaintiff or other employees might be given some sort of nominal incentive or bonus of something such as an extra $50.00. This was not related to overtime compensation.

18.    State and federal overtime laws permit a three-year lookback (and claim) for any unpaid overtime compensation (from lawsuit filing). Conservatively, assuming Plaintiff only averaged an approximate 15 hours of overtime per week in each year, he would be owed no less than 2,340 hours of unpaid overtime compensation.

19.    Assuming Plaintiff averaged about 15 hours of overtime per week, he would be owed roughly $20.00 per hour according to his time and one-half (overtime) rate totaling approximately $46,800.00 in unpaid overtime compensation (in a three-year lookback).[1]

20.    This sum of unpaid overtime compensation owed to Plaintiff must be doubled to account for liquidated damages, which are considered virtually automatic (as to entitlement).[2]

---

[1] Plaintiff identifies the overtime rate of *roughly* $20.00 per hour because the overtime rate is premised upon inclusion of incentives and bonuses per year under applicable regulations. The total calculation of incentives and bonuses paid during Plaintiff's period of employment will likely therefore impact the overtime rate utilized (and will require wage-related discovery).

Thus Plaintiff is owed almost $100,000.00 in unpaid overtime compensation (including liquidated damages), plus costs, interest, and attorney's fees.

21.    Under the Motor Carrier Act ("MCA"), certain trucking or trash companies operating nationwide are exempt (*if* they engage in (substantial or) a high percentage of interstate transit and commerce). However, it is well established (as explained *infra*) that local or regional trucking or trash businesses must pay overtime compensation (and **do not** meet MCA exemption status).

22.    Defendant H&H operates as follows:

(1) It operates from a single location in Sharon Hill, Pennsylvania (within Delaware County);

(2) It has generally operated with approximately 20-30 employees at any given time (depending upon time of year and year of business operations);

(3) It operates exclusively within the geographic area of Delaware County (and within Delaware County) and solely within Pennsylvania (engaging in no interstate transit);

(4) Online research illustrates Defendant H&H is registered as an "Intrastate Non-Hazmat" carrier and business;

---

[2] *See e.g. Solis v. Min Fang Yang*, 345 Fed. Appx. 35 (6th Cir. 2009)(Affirming award of liquidated damages explaining "under the Act, liquidated damages are compensation, not a penalty or punishment, and no special showing is necessary for the awarding of such damages. Rather, they are considered the norm and have even been referred to by this court as mandatory."); *Gayle v. Harry's Nurses Registry, Inc*., 594 Fed. Appx. 714, 718 (2d Cir. 2014)(Affirming award of liquidated damages explaining there is an automatic "presumption" of liquidated damages and "double damages are the **norm,** single damages the exception," as the burden to avoid liquidated damages is a "difficult burden."); *Haro v. City of Los Angeles*, 745 F.3d 1249 (9th Cir. 2014)(Affirming award of liquidated damages explaining they are the "norm" and "mandatory" unless the employer can establish the very "difficult burden" of subjective and objective attempts at FLSA compliance); *Chao v. Barbeque Ventures, LLC*, 547 F.3d 938, 942 (8th Cir. 2008)(Affirming award of liquidated damages explaining that the employer mistakenly argues its non-compliance was not willful, misunderstanding the high burden to show affirmative steps of attempted compliance and research of the FLSA and separately that its diligence and belief in non-payment of overtime was also objectively reasonable.); *Chao v. Hotel Oasis, Inc.,* 493 F.3d 26 (1st Cir. 2007)(Affirming award of liquidated damages explaining that they will always be considered the "norm" in FLSA cases); *Lockwood v. Prince George's County,* 2000 U.S. App. LEXIS 15302 (4th Cir. 2000)(Affirming award of liquidated damages explaining they are the "norm" and that an employer may not take an ostrich-like approach and refuse to research its obligations under the FLSA and to objectively explain why it failed to comply with the FLSA); *Uphoff v. Elegant Bath, Ltd.*, 176 F.3d 399 (7th Cir. 1999)(Reversing the district court for not awarding liquidated damages, as doubling unpaid overtime is the rule, not an exception); *Nero v. Industrial Molding Corp*., 167 F.3d 921 (5th Cir. 1999)(Affirming award of liquidated damages, as there is a presumption of entitlement to liquidated damages which are the norm).

(5) Defendant H&H employees solely transport trash (collected) to Waste Management at 2300 Concord Road, Chester, PA 19013 for overall disposal (an incinerator plant); and

(6) Defendant H&H employees solely transport recycling (collected) to Blue Mountain Recycling at 2904 Ellsworth Street, Philadelphia, PA 19146 (for overall disposal).

23. Defendants operate a small, local trash business wherein an estimated 95% of business operations are solely within Delaware County, Pennsylvania (with some minor transit to Philadelphia for recycling disposal). There is no interstate transport or commerce conducted by Defendants' enterprise.

24. Jurisprudence addressing similar local or regional businesses conclude they must pay employees overtime because they are not engaged in interstate transport sufficiently to be exempt under the MCA. *See e.g. Barrios v. Suburban Disposal, Inc.*, 2013 U.S. Dist. LEXIS 175155, at *25 (D.N.J. 2013)(denying summary judgment on overtime claims because employees of a trash company were only performing locally, not traveling out of state, and for other related reasons); *Harrison v. Delguerico's Wrecking & Salvage,* 2016 U.S. Dist. LEXIS 75955, at *16 (E.D. Pa. 2016)(denying summary judgment and explaining trash-truck employees or drivers are not exempt from overtime unless there is interstate commerce and transport).

25. Any and all actions by Defendants engaged in were willful, intentional, and to avoid wage or overtime compliance. Defendants flout regulations in <u>many</u> contexts, exhibiting the absence of mistake or error. Such examples include: (1) paying employees proverbially under the table or in cash; (2) not properly withholding taxes or paying taxes to the government; (3) requiring truck use with <u>major</u> safety and legal violations at the risk of employee and citizen harm (resulting in numerous internal complaints by employees of very dangerous OSHA and vehicle violations); and (4) mixing recycling products in trash after collection from consumers to

6

avoid higher recycling charges from a recycling plant (and to garner cheaper rates for trash incineration, at the risk of more harm to the environment). Defendants are very unscrupulous.

26.     Defendants fail to even maintain time records, punch-in or punch-out clocks, or any method for tracking or calculating actual hours, days, or minutes worked by any of its employees. This is a direct violation of 29 U.S.C. § 211(c), often referred to as a Section 11 violation. The failure to maintain such records permits a court or factfinder to presume that a plaintiff's estimate of hours worked in overtime is wholly accurate (as a plaintiff should not be prejudiced by a company's failure to abide by laws).[3]

27.     Having done his own research, Plaintiff questioned the non-payment of overtime compensation by Defendants on numerous times in late 2025. In fact, Plaintiff estimates bringing up that he believes he was supposed to get "overtime pay" no less than 8 or 9 times in the fall and winter of 2025.

28.     Defendants' management (including Defendants Killeen and Heller) are direct overseers over staffing, hiring, terminations, payroll, compensation in general, and other employment terms and conditions. They both failed to directly pay Plaintiff (and others) overtime compensation.

29.     Moreover, as a result of growing frustrated with Plaintiff's continued complaints (as aforesaid), Defendants Killeen and Heller slashed Plaintiff's hours (and scheduling) to the point of him working from 50-60 hours per week to Plaintiff receiving an average (at most of) two (2) days per week of work (or less). Thus, Plaintiff has experienced this retaliation (of being

---

[3] *See e.g. Medrano v. Inv. Emporium LLC,* 672 F. App'x 944, 947 (11th Cir. 2016)(if an employer fails to maintain accurate time records, overtime should be awarded based upon the employee's "approximate" of hours worked), citing *Anderson v. Mt. Clemens Pottery Co.*, 328 U.S. 680, 687, 66 S. Ct. 1187, 90 L. Ed. 1515 (1946).

phased out and attempts to force his constructive separation) for the last approximate 3-4 months (of reduced scheduling) because of his protected activities.

30.    Plaintiff expressed verbal concerns of non-payment overtime on multiple occasions, and this is statutorily-protected activity prohibiting termination. *See e.g. Greathouse v. JHS Sec. Inc.*, 784 F.3d 105, 107 (2d Cir. 2015)(an oral concern to an employer about unpaid overtime is legally-protected activity under the FLSA), citing, *Kasten v. Saint-Gobain Performance Plastics Corp.*, 563 U.S. 1 (2011). Plaintiff has had his income within Defendant H&H reduced by at least 50% because of his protected activities, discussed *supra*.

31.    Defendants Killeen and Heller are high-level managers, executives, and/or owners of Defendants' enterprise who personally oversaw compensation, scheduling, and engaged in all unlawful actions as outlined in this lawsuit. They are personally liable as to their own individual assets and hence sued herein individually as well.[4]

### Count I
### Violations of the Fair Labor Standards Act ("FLSA")
**(Unpaid Overtime Compensation)**
**- Against All Defendants -**

32.    The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

33.    Plaintiff was not paid all overtime owed as outlined *supra*, which constitutes violations of the FLSA.

---

[4] *See e.g. Haybarger v. Lawrence Cty. Adult Prob. & Parole*, 667 F.3d 408, 414 (3d Cir. 2012)(managers, owners or and corporate officers exercising control over wages or employee compensation are appropriate defendants under the FLSA and may be individually liable for such violations). The regulations under state law are the same.

**Count II**
**Violations of the Fair Labor Standards Act ("FLSA")**
**(Retaliation)**
**- Against All Defendants -**

34.    The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

35.    Plaintiff had his hours, scheduling, and overall compensation from Defendants drastically reduced as a result of complaining of overtime violations by Defendants, which constitutes unlawful retaliation in violation of the FLSA.

**Count III**
**Violations of the Pennsylvania Minimum Wage Act ("PMWA")**
**(Failure to Pay Overtime Compensation)**
**- Against All Defendants -**

36.    The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

37.    Defendants' failure to pay overtime in the aforesaid manner(s) also constitutes a violation of the PMWA.

**WHEREFORE**, Plaintiff prays that this Court enter an Order providing that:

A.    Defendants are to promulgate and adhere to a policy prohibiting overtime violations and retaliation;

B.    Defendants are to compensate Plaintiff, reimburse Plaintiff, and make Plaintiff whole for any and all pay and benefits Plaintiff would have received had it not been for Defendants' wrongful actions, including but not limited to back pay, front pay, salary, pay increases, bonuses, insurance, benefits, training, promotions, reinstatement of hours, and seniority.

9

C.      Plaintiff is to be awarded actual damages, as well as damages for the pain, suffering, and humiliation caused by Defendants' actions;

D.      Plaintiff is to be awarded liquidated and/or punitive damages as permitted by applicable law in an amount believed by the Court or trier of fact to be appropriate to punish Defendants for their willful, deliberate, malicious, and outrageous conduct and to deter Defendants or other employers from engaging in such misconduct in the future;

E.      Plaintiff is to be accorded other equitable and legal relief as the Court deems just, proper, and appropriate;

F.      Plaintiff is to be awarded the maximum damages available under all applicable laws for willfulness in violations, the absence of good faith, and for its knowing and intentional recklessness or malice.

G.      Plaintiff is to be awarded the costs and expenses of this action and a reasonable attorney's fees if permitted by applicable law; and

H.      Plaintiff is permitted to have a trial by jury.

Respectfully submitted,

**KARPF, KARPF & CERUTTI, P.C.**

By:

Ari R. Karpf, Esq. (91538)
8 Interplex Drive, Suite 210
Feasterville-Trevose, PA 19053
215-639-0801 (P)
215-639-4970 (F)
akarpf@karpf-law.com

Dated: March 19, 2026

10

**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

**CASE MANAGEMENT TRACK DESIGNATION FORM**

| | | |
|---|---|---|
| Joseph Parris | : | CIVIL ACTION |
| v. | : | |
| Samuel Killeen, et al. | : | NO. |

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a Case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants. (See § 1:03 of the plan set forth on the reverse side of this form.) In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a Case Management Track Designation Form specifying the track to which that defendant believes the case should be assigned.

**SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:**

(a) Habeas Corpus – Cases brought under 28 U.S.C. § 2241 through § 2255.                    ( )

(b) Social Security – Cases requesting review of a decision of the Secretary of Health
and Human Services denying plaintiff Social Security Benefits.                               ( )

(c) Arbitration – Cases required to be designated for arbitration under Local Civil Rule 53.2.   ( )

(d) Asbestos – Cases involving claims for personal injury or property damage from
exposure to asbestos.                                                                         ( )

(e) Special Management – Cases that do not fall into tracks (a) through (d) that are
commonly referred to as complex and that need special or intense management by
the court. (See reverse side of this form for a detailed explanation of special
management cases.)                                                                            ( )

(f) Standard Management – Cases that do not fall into any one of the other tracks.           (x )

| | | |
|---|---|---|
| 3/19/2026 | | Plaintiff |
| **Date** | **Attorney-at-law** | **Attorney for** |
| 215-639-0801 | 215-639-4970 | akarpf@karpf-law.com |
| **Telephone** | **FAX Number** | **E-Mail Address** |

**(Civ. 660) 10/02**

**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

**DESIGNATION FORM**

Place of Accident, Incident, or Transaction: Defendants place of business

---

***RELATED CASE IF ANY:*** Case Number:_____ Judge:_____

1. Does this case involve property included in an earlier numbered suit? Yes ☐

2. Does this case involve a transaction or occurrence which was the subject of an earlier numbered suit? Yes ☐

3. Does this case involve the validity or infringement of a patent which was the subject of an earlier numbered suit? Yes ☐

4. Is this case a second or successive habeas corpus petition, social security appeal, or pro se case filed by the same individual? Yes ☐

5. Is this case related to an earlier numbered suit even though none of the above categories apply? If yes, attach an explanation. Yes ☐

I certify that, to the best of my knowledge and belief, the within case ☐ **is** / ☒ **is not** related to any pending or previously terminated action in this court.

---

**Civil Litigation Categories**

**A.** *Federal Question Cases:*

☐ 1. Indemnity Contract, Marine Contract, and All Other Contracts)
☐ 2. FELA
☐ 3. Jones Act-Personal Injury
☐ 4. Antitrust
☐ 5. Wage and Hour Class Action/Collective Action
☐ 6. Patent
☐ 7. Copyright/Trademark
☐ 8. Employment
☒ 9. Labor-Management Relations
☐ 10. Civil Rights
☐ 11. Habeas Corpus
☐ 12. Securities Cases
☐ 13. Social Security Review Cases
☐ 14. Qui Tam Cases
☐ 15. Cases Seeking Systemic Relief **\*see certification below\***
☐ 16. All Other Federal Question Cases. *(Please specify):*_____

**B.** *Diversity Jurisdiction Cases:*

☐ 1. Insurance Contract and Other Contracts
☐ 2. Airplane Personal Injury
☐ 3. Assault, Defamation
☐ 4. Marine Personal Injury
☐ 5. Motor Vehicle Personal Injury
☐ 6. Other Personal Injury *(Please specify)*:_____
☐ 7. Products Liability
☐ 8. All Other Diversity Cases: *(Please specify)*_____
_____

I certify that, to the best of my knowledge and belief, that the remedy sought in this case ☐ **does** / ☒ **does not** have implications beyond the parties before the court and ☐ **does** / ☒ **does not** seek to bar or mandate statewide or nationwide enforcement of a state or federal law including a rule, regulation, policy, or order of the executive branch or a state or federal agency, whether by declaratory judgment and/or any form of injunctive relief.

---

**ARBITRATION CERTIFICATION (CHECK ONLY ONE BOX BELOW)**

I certify that, to the best of my knowledge and belief:

☒ Pursuant to Local Civil Rule 53.2(3), this case is not eligible for arbitration either because (1) it seeks relief other than money damages; (2) the money damages sought are in excess of $150,000 exclusive of interest and costs; (3) it is a social security case, includes a prisoner as a party, or alleges a violation of a right secured by the U.S. Constitution, or (4) jurisdiction is based in whole or in part on 28 U.S.C. § 1343.

☐ None of the restrictions in Local Civil Rule 53.2 apply and this case is eligible for arbitration.

NOTE: A trial de novo will be by jury only if there has been compliance with F.R.C.P. 38.

JS 44   (Rev. 04/21)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court.  This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet.   *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

| I. (a)  PLAINTIFFS | DEFENDANTS |
|---|---|
| PARRIS, JOSEPH | KILLEEN, SAMUEL, ET AL. |

**(b)**  County of Residence of First Listed Plaintiff __Delaware__
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant __Delaware__
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE:    IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)**   Attorneys *(Firm Name, Address, and Telephone Number)*
Ari R. Karpf, Esq.; Karpf, Karpf & Cerutti, P.C., 8 Interplex Drive, Suite 210, Feasterville-Trevose, PA 19053; 215-639-0801; akarpf@karpf-law.com

Attorneys *(If Known)*

## II.  BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- [ ] 1   U.S. Government Plaintiff
- [X] 3   Federal Question *(U.S. Government Not a Party)*
- [ ] 2   U.S. Government Defendant
- [ ] 4   Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)*
*(For Diversity Cases Only)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | [ ] 1 | [ ] 1 | Incorporated *or* Principal Place of Business In This State | [ ] 4 | [ ] 4 |
| Citizen of Another State | [ ] 2 | [ ] 2 | Incorporated *and* Principal Place of Business In Another State | [ ] 5 | [ ] 5 |
| Citizen or Subject of a Foreign Country | [ ] 3 | [ ] 3 | Foreign Nation | [ ] 6 | [ ] 6 |

## IV.  NATURE OF SUIT *(Place an "X" in One Box Only)*
Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| [ ] 110 Insurance<br>[ ] 120 Marine<br>[ ] 130 Miller Act<br>[ ] 140 Negotiable Instrument<br>[ ] 150 Recovery of Overpayment & Enforcement of Judgment<br>[ ] 151 Medicare Act<br>[ ] 152 Recovery of Defaulted Student Loans (Excludes Veterans)<br>[ ] 153 Recovery of Overpayment of Veteran's Benefits<br>[ ] 160 Stockholders' Suits<br>[ ] 190 Other Contract<br>[ ] 195 Contract Product Liability<br>[ ] 196 Franchise | **PERSONAL INJURY**<br>[ ] 310 Airplane<br>[ ] 315 Airplane Product Liability<br>[ ] 320 Assault, Libel & Slander<br>[ ] 330 Federal Employers' Liability<br>[ ] 340 Marine<br>[ ] 345 Marine Product Liability<br>[ ] 350 Motor Vehicle<br>[ ] 355 Motor Vehicle Product Liability<br>[ ] 360 Other Personal Injury<br>[ ] 362 Personal Injury - Medical Malpractice | **PERSONAL INJURY**<br>[ ] 365 Personal Injury - Product Liability<br>[ ] 367 Health Care/ Pharmaceutical Personal Injury Product Liability<br>[ ] 368 Asbestos Personal Injury Product Liability<br>**PERSONAL PROPERTY**<br>[ ] 370 Other Fraud<br>[ ] 371 Truth in Lending<br>[ ] 380 Other Personal Property Damage<br>[ ] 385 Property Damage Product Liability | [ ] 625 Drug Related Seizure of Property 21 USC 881<br>[ ] 690 Other | [ ] 422 Appeal 28 USC 158<br>[ ] 423 Withdrawal 28 USC 157<br>**INTELLECTUAL PROPERTY RIGHTS**<br>[ ] 820 Copyrights<br>[ ] 830 Patent<br>[ ] 835 Patent - Abbreviated New Drug Application<br>[ ] 840 Trademark<br>[ ] 880 Defend Trade Secrets Act of 2016 | [ ] 375 False Claims Act<br>[ ] 376 Qui Tam (31 USC 3729(a))<br>[ ] 400 State Reapportionment<br>[ ] 410 Antitrust<br>[ ] 430 Banks and Banking<br>[ ] 450 Commerce<br>[ ] 460 Deportation<br>[ ] 470 Racketeer Influenced and Corrupt Organizations<br>[ ] 480 Consumer Credit (15 USC 1681 or 1692)<br>[ ] 485 Telephone Consumer Protection Act<br>[ ] 490 Cable/Sat TV<br>[ ] 850 Securities/Commodities/ Exchange |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | **LABOR**<br>[X] 710 Fair Labor Standards Act<br>[ ] 720 Labor/Management Relations<br>[ ] 740 Railway Labor Act<br>[ ] 751 Family and Medical Leave Act<br>[ ] 790 Other Labor Litigation<br>[ ] 791 Employee Retirement Income Security Act | **SOCIAL SECURITY**<br>[ ] 861 HIA (1395ff)<br>[ ] 862 Black Lung (923)<br>[ ] 863 DIWC/DIWW (405(g))<br>[ ] 864 SSID Title XVI<br>[ ] 865 RSI (405(g))<br>**FEDERAL TAX SUITS**<br>[ ] 870 Taxes (U.S. Plaintiff or Defendant)<br>[ ] 871 IRS—Third Party 26 USC 7609 | [ ] 890 Other Statutory Actions<br>[ ] 891 Agricultural Acts<br>[ ] 893 Environmental Matters<br>[ ] 895 Freedom of Information Act<br>[ ] 896 Arbitration<br>[ ] 899 Administrative Procedure Act/Review or Appeal of Agency Decision<br>[ ] 950 Constitutionality of State Statutes |
| [ ] 210 Land Condemnation<br>[ ] 220 Foreclosure<br>[ ] 230 Rent Lease & Ejectment<br>[ ] 240 Torts to Land<br>[ ] 245 Tort Product Liability<br>[ ] 290 All Other Real Property | [ ] 440 Other Civil Rights<br>[ ] 441 Voting<br>[ ] 442 Employment<br>[ ] 443 Housing/ Accommodations<br>[ ] 445 Amer. w/Disabilities - mployment<br>[ ] 446 Amer. w/Disabilities - Other<br>[ ] 448 Education | **Habeas Corpus:**<br>[ ] 463 Alien Detainee<br>[ ] 510 Motions to Vacate Sentence<br>[ ] 530 General<br>[ ] 535 Death Penalty<br>**Other:**<br>[ ] 540 Mandamus & Other<br>[ ] 550 Civil Rights<br>[ ] 555 Prison Condition<br>[ ] 560 Civil Detainee - Conditions of Confinement | **IMMIGRATION**<br>[ ] 462 Naturalization Application<br>[ ] 465 Other Immigration Actions | | |

## V.  ORIGIN *(Place an "X" in One Box Only)*

- [X] 1  Original Proceeding
- [ ] 2  Removed from State Court
- [ ] 3  Remanded from Appellate Court
- [ ] 4  Reinstated or Reopened
- [ ] 5  Transferred from Another District *(specify)*
- [ ] 6  Multidistrict Litigation - Transfer
- [ ] 8  Multidistrict Litigation - Direct File

## VI.  CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
FLSA (29USC201)

Brief description of cause:
Violations of the FLSA.

## VII.  REQUESTED IN COMPLAINT:

[ ] CHECK IF THIS IS A **CLASS ACTION** UNDER RULE 23, F.R.Cv.P.

DEMAND $

CHECK YES only if demanded in complaint:
JURY DEMAND:   [X] Yes   [ ] No

## VIII.  RELATED CASE(S) IF ANY
*(See instructions):*
JUDGE _____   DOCKET NUMBER _____

DATE   3/19/2026

SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**

RECEIPT #_____   AMOUNT_____   APPLYING IFP_____   JUDGE_____   MAG. JUDGE_____